UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| v. | : Crim. No. 22-377 (ABJ) |
| ROBBIE CLARK | : |

**DEFENDANT'S MOTION FOR MISJOINDER AND TO SEVER**

Defendant Robbie Clark, through undersigned counsel, Stephen F. Brennwald, Brennwald & Robertson, in support of his Motion for Misjoinder (Defendants and Offenses pursuant to Fed. R. Crim. P. 8(b)), and Motion to Sever (Defendants and Offenses pursuant to Fed. R. Crim. P. 14), states as follows:

*Procedural Background*

Defendant and co-defendant, Tyree Eugene McCombs, are charged in a 16-count indictment with a variety of offenses. However, Mr. Clark and Mr. McCombs are only charged together in Counts 1 through 4. Those charges accuse them of Conspiracy to Commit Robbery (Hobbs Act), Conspiracy to Commit Kidnapping, Stalking, and Interstate Transportation of Stolen Property.

Counts 5 through 16 charge only Mr. McCombs (and in some counts, another unnamed conspirator or co-conspirators) with Conspiracy to Commit Robbery, Robbery, Use of a Weapon, Conspiracy to Commit Kidnapping, Kidnaping, Interstate Stalking, Interstate Transportation of Stolen Property, "Felon in Possession," Assault with Intent to Kill While Armed, Aggravated Assault

while Armed, Possession of a Firearm During a Crime of Violence (Assault with Intent to Kill While Armed), and Possession of a Firearm During a Crime of Violence (Aggravated Assault While Armed).

*Argument*

Defendant Clark maintains that the indictment in this case misjoins him with Mr. McCombs, both as a defendant and as to various counts. Fed. R. Crim. P. 8(b). For that reason, the case against him should be severed from that against Mr. McCombs.

He further maintains that even if the counts and defendants are somehow properly joined, his case (as a defendant) and his Count (as an Offense) must be severed from Mr. McCombs. Fed. R. Crim. P. 14.

*a. Misjoinder*

Federal Rule of Criminal Procedure 8(b) provides that:

> "The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count."

Unlike Fed. R. Crim. P. 8(a), which impacts the misjoinder of *offenses*, rule 8(b) concerns the misjoinder of *defendants*, and thus obviously only applies in co-defendant cases.

As noted above, Mr. Clark is charged with having participated in one conspiracy with Mr. McCombs (Counts 1 through 4), and Mr. McCombs is charged with other, separate crimes, in Counts 5 through 16.

While it would be proper to try Mr. Clark and Mr. McCombs together for the offenses charged in Counts 1 through 4, it would be unfairly prejudicial to try him with Mr. McCombs in connection with completely separate, and very serious, acts. This is especially true because the charges against Mr. McCombs in some of the counts that do not include Mr. Clark include armed attempted murder ("assault with the intent to kill while armed"), and aggravated assault while armed. They are thus of a different, and more prejudicial nature, than the charges in Counts 1 through 4.

In *United States v. Brown*, 16 F.3d 423 (D.C. Cir. 1994), the Court held that "there was a misjoinder of firearms offenses under Rule 8(b)" even where evidence at one crime scene linked the defendant to weapons at another crime scene. The court explained that although the various charges were of a "same or similar character" – the standard applicable to the *joinder of offenses* under Fed. R. Crim. P. 8(a) – because Mr. Brown was indicted in a co-defendant case, and *joinder of co-defendants* is only permissible if the defendants' actions were part of

the "same act or transaction," Mr. Brown likely would have prevailed on a misjoinder motion had he filed such a motion before trial.[1] *Brown*, 16 F.3d at 429.

Unfortunately for Mr. Brown, his attorneys did not file such a motion,[2] relying, instead, on a Rule 14 severance argument.[3] And under a plain error review, the court could not conclude that Mr. Brown suffered "actual prejudice"[4] merely because he was tried with his co-defendant. 16 F.3d at 432.

As a famous jurist[5] once remarked,

> "[t]he question of the propriety of joinder under Rule 8 and of refusal to grant relief from prejudicial joinder under Rule 14 are quite different in nature.... The former is a question of law, subject to full appellate review.... In contrast, the grant of relief under Rule 14 lies within the discretion of the trial judge and refusal to sever counts or defendants properly joined under Rule 8 will be reversed only if discretion was abused."
>
> *United States v. Werner*, 620 F.2d 922, 926 (2d Cir.1980) (footnote omitted).

---

[1] The *Brown* court stated that "in this case of multiple defendants, even where the joinder of counts is at issue, Rule 8(b) applies. The distinction between Rules 8(a) and 8(b) is subtle but important because, as the government concedes, as a matter of law, that here "joinder was mistaken [under Rule 8(b)], though it would have been proper under Rule 8(a), had [Brown's] case not been joined with codefendant Williams' case." *Brown*, at 427-28 (*quoting* the Government's brief, at 16).

[2] *Brown*, 16 F.3d at 426.

[3] His attorneys casually referenced the misjoinder argument during argument on the severance motion, but the appellate court found that this was not sufficient to preserve the issue for appeal.

[4] *See Kotteakos v. United States*, 328 U.S. 750 (1946) (error involving misjoinder only requires reversal if defendant demonstrates actual prejudice).

[5] Judge Friendly, of the Second Circuit Court of Appeals in New York City.

The court in *Brown* explained that "if [a] defendant d[oes] not properly preserve the Rule 8 issue, or waive[d] the issue under Rule 12(f), we will not reverse a conviction, even if Rule 8 would not have permitted joinder, unless there is plain error resulting in actual prejudice to the defendant" (*citing* Fed. R. Crim. P. 52(b), and *comparing United States v. Lane*, 474 U.S. 438 (1986), which harmonized Rule 52(a)'s harmless error standard with Rule 8).

For these reasons, Mr. Clark files this motion relying not only on a Rule 14(a) severance argument, but on a Rule 8(b) argument, maintaining that the inclusion of Mr. Clark in the indictment charging Mr. McCombs with a completely separate set of offenses on different days, and very serious crimes, is the result of misjoinder under Rule 8(b), such that his case must be tried separately from the case against Mr. McCombs.

### b. *Severance Under Rule 14(a)*

Even if this Court were somehow to conclude that joinder was proper under these facts, defendant submits that his case should be severed from the case against Mr. McCombs because of the unacceptable risk of prejudice he would suffer at trial given the disparity in the evidence against him and his co-defendant, including the spillover effect inherent in such a disparity.

Federal Rule of Criminal Procedure 14(a) provides that

> "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

The District of Columbia Circuit Court of Appeals has held that severance is "requir[ed …] when the evidence against one or more of the defendants is 'far more damaging' than evidence against the party seeking severance." *United States v. Sampol*, 636 F.2d 621, 645 (D.C. Cir., 1980).

Sampol was charged in a co-defendant case with misprision of a felony and making false statements. In contrast, his co-defendants were charged with conspiracy and murder. Because of the disparity in the charges and evidence, the D.C. Circuit held that the case against Sampol should have been severed from that against his co-defendants.

Commenting on the severance principles applied in *Sampol*, the D.C. Circuit, in *United States v. Tarantino*, explained that "[b]ecause of the quantity and inflammatory nature of the testimony against the co-defendants [in *Sampol*], the risk of a transference of their guilt was significant. Moreover, the testimony created a false impression that Sampol was involved in the conspiracy. *Tarantino*, 846 F.2d 1384, 1399 (D.C. Cir., 1988).

This risk is very real in Mr. Clark's case because he is not charged with a crime that involves an attempt to kill anyone while armed. It is one thing to rob and kidnap someone, it is another to try to kill the alleged victim of such a crime.

This spillover effect exemplifies the flip side of the "disparity of evidence" coin. The spillover risk routinely surfaces in conspiracy cases, as, like here, there is often a disparity in the evidence against various defendants, and that very

disparity can lead a juror to allow strong evidence against one or more defendants to "spillover" into the jury's consideration of another defendant's guilt.

This reality was recognized in *United States v. Sutton*, 801 F.2d 1346 (D.C. Cir. 1986), where the Court stated: "Motions for severance are particularly sensitive in conspiracy cases because of the danger that the guilt of one defendant may be unjustly transferred to another." *Sutton*, 801 F.2d at 1363-64.

An earlier decision of the D.C. Circuit also acknowledged that "[t]he Supreme Court has recognized that when several people are tried together there is a danger that adverse evidence against some of the defendants will improperly rub off on the co-defendants." *McHale v. United States*, 398 F.2d 757, 758 (D.C. Cir. 1968).

Courts will attempt to offset this danger through particularized instructions, explaining to a jury, for example, that certain evidence may only be considered against a certain defendant. As the Supreme Court recognized, however, "[p]erhaps even at best the safeguards provided by clear rulings on admissibility, limitations of the bearing of evidence as against particular individuals, and adequate instructions, are insufficient to ward off the danger entirely."

*Blumenthal v. United States*, 332 U.S. 539, 559-560 (1947).

When even those safeguards are not enough to protect a defendant from this "spillover effect," severance, as seen in *Sampol*, must be granted.

It may be easiest to realize why severance is required in this case when one contrasts it with *United States v. Sutton*, 801 F.2d 1346 (D.C.Cir.1986). There, the

D.C. Circuit held that "the trial judge did not abuse his discretion in denying a motion for severance when the charges required the 'presentation of much of the same evidence, testimony of the same witnesses, and involve[d] two defendants who [were] charged, inter alia, with participating in the same illegal acts.'" 801 F.2d at 1365.

This rationale, which allowed the court to affirm Sutton's conviction, is not applicable here.

Defendant Clark is "merely" charged in one conspiracy. His co-defendant is accused of having participated in a series of conspiracies (including with other, unnamed, individuals), and of having tried to kill a victim with a gun.

The disparity of the charges and evidence against Mr. Clark and his co-defendant is great, and it presents too great a risk that the jury will allow evidence against Mr. McCombs to spill over in to their consideration of whether Mr. Clark committed a crime.

While there is an interest in joint trials in co-defendant cases, this interest in judicial economy cannot, and should not, outweigh a defendant's great interest in receiving a fair trial, when the consequences of an unfair trial are so severe.

For these reasons, the trial of the defendant, and the charge against him, should be severed from that against Mr. McCombs.

Respectfully submitted,

/s/

_____
Stephen F. Brennwald, Esq.
Bar No. 398319
Brennwald & Robertson
922 Pennsylvania Avenue, S.E.
Washington, D.C. 20003
(301) 928-7727
(202) 544-7626 (facsimile)
E-mail: sfbrennwald@cs.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent by ECF, this 8th day of September, 2023, to the U.S. Attorney's Office, 601 D Street, N.W., Washington, D.C. 20530, and to all counsel of record.

/s/

_____
Stephen F. Brennwald